UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTRY VILLA SERVICE CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNI-TER UNDERWRITING MANAGEMENT CORPORATION, a Delaware corporation, and UNI-TER CLAIMS SERVICES CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants, | Case No. CV-14-559 FMO (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE STIPULATION OF THE PARTIES** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Confidentiality And Non-Disclosure Protective Order ("Stipulation") filed on October 20, 2014, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 4, 8(d), 9(c), and 11 of, and Exhibit A to, the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential Information, Confidential, Highly Confidential

– For Attorneys' Eyes Only, For Counsel Only, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential Information, Confidential, Highly Confidential – For Attorneys' Eyes Only, For Counsel Only, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  The Court has stricken the parties' good cause statement because the Court may only enter a protective order upon a showing of good cause, <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1176 (9th Cir. 2006), <u>Phillips v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1210-11 (9th Cir. 2002), <u>Makar-Welbon v. Sony Electrics, Inc.</u>, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons (see below), **with proper evidentiary support and legal justification**, must be made with respect to each document or item designated Confidential Information, Confidential, Highly Confidential – For Attorneys' Eyes Only, For Counsel Only, or other designation(s) used by the parties, which a party seeks to have filed under seal.  The parties' mere designation of any information, document, or thing as Confidential Information, Confidential, Highly Confidential – For Attorneys' Eyes Only, For Counsel Only, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

Further, notwithstanding any other provision of this Protective Order, no obligation is imposed on the Court or its personnel beyond those imposed by the Court's general practices and procedures.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE FERNANDO M. OLGUIN, UNITED STATES DISTRICT**

**JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND FILINGS UNDER SEAL.**

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

1. "Document" or "documents" means information, recordation and storage media *of any kind*, including, but not limited to, written, photographic, audio, video, magnetic, electronic, optical, or other media.  This definition also includes, but is not limited to, written, audio, or video productions of oral statements or events; and original versions and reproductions by whatever means.

2. The term "producing party" includes any party and any nonparty who produces information or documents incident to discovery in these proceedings.

3. The term "these proceedings" means the proceeding designated in the caption of this Protective Order and all appeals, interlocutory proceedings and collateral or ancillary proceedings.

4. "Confidential Information" means any information or document produced by a producing party **who or which** in good faith believes **that the information or documents** constitute a trade secret or other confidential or proprietary business, technical or financial information subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure.  The term also encompasses any other information, the disclosure of which is likely to have the effect of causing significant competitive harm to the producing party or party from **whom** the information was obtained.

5. Confidential Information shall be designated as either "Confidential" or

---

[1] The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

"Highly Confidential – For Attorneys' Eyes Only" by the producing party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. Information or material which is available to the public, including catalogues, advertising materials, and the like, shall not be deemed "Confidential Information."

6. Documents produced in this action may be designated by any party or third party as Confidential Information by marking each page of the document so designated as either "Confidential" or "For Counsel Only" (or "For Attorneys' Eyes Only").

7. All Confidential Information produced or exchanged by the parties or by third parties in the court of this proceeding shall be used solely for the purpose of conducting these proceedings and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Protective Order.

8. Confidential Information shall not be disclosed or communicated to anyone other than the following persons:

   a. Attorneys of record for the parties in this proceeding, including the respective partners, of counsel, associates, and employees of such attorney to whom it is necessary that the material be shown for purposes of this proceeding;

   b. Independent experts and consultants retained by a party to testify or perform other services in connection with these proceedings, provided that such expert or consultant first executes a copy of the Agreement To Be Bound by and Comply with the Protective Order in the form attached as Exhibit A;

   c. Court reporters in connection with their duties in providing recording and transcription services for depositions conducted in

1 connection with these proceedings;

2     d. Personnel of any Court, including judges, official reports, law clerks, and other personnel **who are** performing duties in connection with these proceedings.

9. Any party or third party may designate deposition testimony as Confidential Information by indicating on the record at the deposition that the testimony is Confidential Information and is disclosed subject to the provisions of this Protective Order. The reporter shall mark all copies of the transcript "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" and shall include a notice of the pages and lines of the transcript that should be treated as Confidential Information.

    a. Any party or third party also may designate information disclosed at such deposition as Confidential Information by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the deposition, of the specific pages and lines of the transcript that should be treated as Confidential Information. Each party shall attach a copy of the written notice to the face of each copy of the transcript in his/her possession, custody or control.

    b. If a document that has previously been designated as Confidential Information is made an exhibit to a deposition, the deposition transcripts shall be marked "CONFIDENTIAL," and the list of exhibits included by the reporter with any transcript shall indicate which exhibits have been designated as Confidential Information.

    c. If the Court's rules require the filing of depositions with the Court or if such filing is required in a particular instance, any deposition transcript or exhibits containing Confidential Information shall be marked "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" and **shall be presented for filing** under seal **in**

    **accordance with Local Rule 79-5 and the provisions of this Protective Order.**

10. The failure to challenge the propriety of a designation of Confidential Information at the time made shall not preclude a subsequent challenge. If counsel for any party disagrees with the designation of Confidential Information by a producing party, counsel shall try first to resolve their dispute informally and in good faith. If counsel cannot resolve the dispute, the producing party may seek appropriate relief from the Court. The information that is the subject of dispute or motion under this paragraph shall be treated as Confidential Information pending resolution of the objection by the Court and for thirty (30) days after any Court order removing a designation of Confidential Information to allow the producing party to seek appellate review, and while appellate review is pending.

11. **If any party should desire to include any Confidential Information in any pleadings or papers filed with the Court, the party shall file an application, in accordance with the requirements of Local Rule 79-5 and the provisions of this Protective Order, and provide the requisite showing based on competent evidence of "good cause" or "compelling reasons," for a Court order allowing such papers to be filed under seal pursuant to Federal Rule of Civil Procedure Rule 5.2(d).**

    a. To the extent practicable, counsel filing such written material shall segregate the portions containing Confidential Information so as to limit the extent to which material must be maintained under seal.

    b. Copies of written material containing Confidential Information filed with the Court as provided in paragraph 11 may not be provided to any person or entity other than those set forth in paragraph 8, **unless** all Confidential Information is first redacted

        from the copies provided.

    c. If any party wishes to file written material containing Confidential Information in the public record, and not under seal, that party will provide advance written notice to the producing party that designated such Confidential Information. If counsel are unable to agree regarding whether the material may be filed in the public record, they shall seek a ruling from the Court.

    d. **The burden of establishing that documents and/or materials have been properly designated as containing Confidential Information shall be upon the designating party at all times. The designating party shall bear the burden and the expense of seeking protection in that court of its confidential material.**

12. The provisions of this Protective Order, or any designation or failure to designate particular information as Confidential Information pursuant to this Protective Order, shall not be construed in any other context or proceeding before any court, agency or tribunal as a waiver or admission that such information is or is not confidential or proprietary.

13. A producing party shall make a good faith effort to designate discovery material as confidential at the time of production. Inadvertent or unintentional disclosure by any producing party of confidential discovery material, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver of a party's claim of confidentiality, as to either a specific document or any information contained therein, and the parties shall, upon notice, thereafter treat such discovery material as confidential Information. A receiving party shall make a good faith effort to locate and mark as "CONFIDENTIAL" any copies of such discovery material.

14. Within thirty (30) days of the conclusion of these proceedings, all

|   |   |
|---|---|
| 1 | Confidential Information shall be either: (1) returned to the producing |
| 2 | party, or (2) destroyed under the supervision of counsel of record for the |
| 3 | recipient, with a certificate of destruction furnished to counsel for the |
| 4 | producing party. |

15. The obligations imposed by this Protective Order shall remain in effect after these proceedings have concluded.

16. Nothing in this Protective Order may be construed to restrict any party's right to challenge the admissibility or use of Confidential Information on any ground other than confidentiality, including but not limited to competence, relevance, or privilege.

17. This Protective Order shall not bar any attorney of record in these proceedings in the course of rendering advice to his client with respect to these proceedings from conveying to any party to these proceedings his general evaluation of any Confidential Information produced or exchanged in these proceedings; provided, however, that in rendering such advice and otherwise communicating with his/her client, the attorney shall not disclose the specific contents of any Confidential Information produced by another party or third party which disclosure would be contrary to the terms of this Protective Order.

18. If Confidential Information in the possession of a party is sought by subpoena or any other form of compulsory process of any court, administrative or legislative body, or of any person or tribunal purporting to have authority to seek such Confidential Information by compulsory process, the party to whom the process is directed shall promptly give written notice of such process to the party designating the information as confidential (the "designating person"), cooperate to the extent necessary to permit the designating person to quash such process, and shall not make production of such information until ten (10) days after the

designating person has received written notice of such process as required herein (unless otherwise ordered to do so by the court, administrative or legislative body, in which case the party to whom such process is directed shall provide the designating person as much notice as reasonably possible while not violating such order). Nothing in this Protective Order should be construed as authorizing a receiving party in this action to disobey a lawful directive from another court.

**IT IS SO ORDERED**

DATED: December 3, 2014

_____
MARGARET A. NAGLE
U.S. MAGISTRATE JUDGE

**EXHIBIT "A"**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COUNTRY VILLA SERVICE CORPORATION, a California corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>UNI-TER UNDERWRITING MANAGEMENT CORPORATION, a Delaware corporation, and UNI-TER CLAIMS SERVICES CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>      Defendants. | CASE NO.: CV14-0559FMO(MANx) |

**AGREEMENT TO BE BOUND BY AND COMPLY WITH PROTECTIVE ORDER**

1. I have been advised by counsel for a party in the captioned proceedings that it will be necessary for me to receive access to information that has been designated as Confidential pursuant to a protective order in the proceedings.

2. I have been furnished and have reviewed a copy of the Protective Order Governing Confidentiality of Documents and Information (the "Protective

1  Order") and counsel has further informed me of the obligations that it
2  imposes upon those who receive Confidential Information. I understand
3  that the Protective Order, among other things, prohibits the use of any
4  information designated as confidential for any purpose other than **what is**
5  **necessary for** these proceedings, and further that I am prohibited from
6  disclosing confidential information (or any copies, extracts, summaries or
7  information otherwise derived from such information) to any other person
8  except as specifically provided for in the Protective Order.
9     3.  In consideration of my being furnished confidential information, I agree
10  to be bound by the terms of the Protective Order and to comply with those
11  terms. I further acknowledge and agree that the terms of the Protective
12  Order are enforceable against me as a contract by any party both during
13  and after the conclusion of this proceeding. I submit to the jurisdiction of
14  the United States District Court for the Central District of California for
15  the purpose of ensuring compliance with the Protective Order.

Date: _____                Signature: _____
                                       Type or Print
                                       Name: _____